**In re Margot H. CARLSON, Debtor.**

**No. 00–14059.**

United States Bankruptcy Court,
D. Rhode Island.

July 25, 2001.

Barbara Harris, Providence, RI, John P. Gyorgy, Boisseau Dean & Gyorgy LLP, Providence, RI, for Debtor.

Gregory W. Hamilton, Health & Hospital Fund and New York State Teamsters, Conference Pension & Retirement Fund, Providence, RI, for New York State Teamsters Conference.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtor's Motion to adjudge the law firm of Paravati, Kari, Green & DeBella (hereinafter "PKGD") and Attorneys Vincent DeBella and Gerald Green in contempt for violation of the automatic stay, 11 U.S.C. § 362. The Debtor contends that the respondents' filing of a request to conduct a Rule 2004 examination of her in a corporate Chapter 7 bankruptcy case pending in the District of Pennsylvania is a violation of the automatic stay in her personal Chapter 7 bankruptcy case filed in this District. For the reasons set forth below and also because there appears to be no authority to support the relief sought, I find that no stay violation occurred, and DENY the Debtor's Motion.

## BACKGROUND

In June 1999, Perfection Oil Company ("Perfection"), of which Carlson is the majority shareholder and President, filed a voluntary Chapter 7 case in the District of Pennsylvania. PKGD and Attorneys De-Bella and Green represent the New York State Teamsters Conference Pension & Retirement Fund, a creditor in the Perfection bankruptcy case.

On December 5, 2000, Margot Carlson filed a personal Chapter 7 petition in the District of Rhode Island, and on January 4, 2001, the Trustee convened the Section 341 meeting of creditors, which DeBella attended. After the meeting, according to the Debtor, DeBella stated that he intended to take her deposition, and also "threatened" to pursue a fraud claim against her. DeBella denies making any "threats", but states that he did inform Carlson of the potential for a fraud action.[1]

On February 8, 2001, Green filed with the bankruptcy court in Pennsylvania a "Notice of Motion of a 2004 Examination" of Mrs. Carlson in the Perfection case. *See* Exhibit A. In support of his motion, Green attached an affidavit stating:

> 13. At the First Meeting of Creditors in Rhode Island, it was learned that Margot H. Carlson now resides in an affluent section of Rhode Island and operates her own retail sales business.
>
> 14. All of this information gives rise to various issues concerning the pre-petition sale of real property and the distribution of the proceeds realized therefrom. In addition, unanswered questions remain about the debtor's expenditures for "Officer's Payroll" and "Officer's Life Insurance", along with a host of other financial concerns.

Therefore, it is essential that the Pension and Health Funds conduct a 2004 examination of Margot H. Carlson concerning her affairs and the affairs of Perfection Oil Company, Inc. This 2004 exam will not only benefit the Pension and Health Funds but also the U.S. Trustee and other creditors of the estate.

Exhibit B, Affidavit of Gerald Green, Esq., p. 3.

On February 20, 2001, Perfection, filed a motion in Pennsylvania to quash the "Notice of Motion for 2004 examination," *see* Exhibit C, on the ground that Green violated Pennsylvania Local Bankruptcy Rule 2004(a)–1 by failing to confer prior to filing the request for a 2004 examination. *Id.* Perfection also alleged that the scope of the examination was unclear and too broad. *Id.* On February 28, 2001, Carlson filed the instant motion to adjudge PKGD and Attorneys Green and DeBella in contempt in her Rhode Island bankruptcy case. On March 2, 2001, Green withdrew the 2004 Motion, without prejudice. *See* Exhibit D.

## DISCUSSION

The automatic stay provided for in 11 U.S.C. § 362 operates, *inter alia,* as a stay against:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title and any act to collect, assess, or recover a claim against the

---

1. A precise characterization of the nature of this conversation is not necessary to determine the issue before me.

debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). Section 362(h) also provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

■ The First Circuit has stated that "A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under § 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." *Fleet Mortgage Group, Inc. v. Kaneb,* 196 F.3d 265, 269 (1st Cir.1999).

■ In this case, it is undisputed that the putative contemnors had knowledge of Carlson's pending Rhode Island bankruptcy case, and that they knowingly filed the 2004 motion in the Perfection bankruptcy case in Pennsylvania. It is also clear, however, as a matter of law that said action does not constitute a stay violation *in the Rhode Island bankruptcy case.*

Section 362(a)(1) stays actions or proceedings *against the debtor.* The requested 2004 examination was not an action against the Debtor. It was a discovery proceeding in the Perfection bankruptcy case, wherein PKGD was attempting to conduct an examination of the majority shareholder and president of Perfection. Carlson clearly is an appropriate person to be examined under Rule 2004 in the Perfection bankruptcy case. Bankruptcy Rule 9001(5) provides:

When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is

a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control.

Fed. R. Bankr.P. 9001(5). Although Section 362 does not preclude litigating with a debtor in the debtor's bankruptcy forum, *see In re Roxford Foods, Inc.,* 12 F.3d 875, 878 (9th Cir.1993); *In re Toyota of Yonkers, Inc.,* 135 B.R. 471, 477 (Bankr. S.D.N.Y.1992), under 11 U.S.C. § 101(31)(B), Carlson is an "insider" of Perfection, and to equate or translate a request to examine the principal of the company in the corporate bankruptcy case with contempt in the principal's foreign Chapter 7 proceedings is a leap this Court is neither willing nor authorized to take.

Carlson argues that DeBella and Green sought the examination in Pennsylvania merely to harass and cause her unnecessary expense, but this allegation is not supported by the evidence. Based on Green's affidavit attached to the Motion for 2004 exam (Exhibit A), together with the live testimony, I find that DeBella and Green had a legitimate and reasonable basis for requesting a 2004 examination in the Perfection bankruptcy case, and that Carlson's claim that the request was too broad is (or was) an issue for the Pennsylvania bankruptcy court.

For the foregoing reasons, Carlson's Motion to adjudge Paravati, Kari, Green & DeBella and Attorneys Green and DeBella in contempt is DENIED.

I also find for appellate purposes that, based on this record the actions of DeBella and Green, if determined to be in technical violation of Section 362, do not warrant the imposition of punitive damages.

Enter judgment consistent with this opinion.